UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

**Wuilmer Reyes**

**On behalf of Himself and
all others similarly situated,**

    **Plaintiffs**

    **v.**                                                                                           Case No.    21-cv-437

**ML Enterprise
Marco Lezameta**

    **Defendants.**

## COMPLAINT

Plaintiff, by his attorneys, for his Complaint against Defendants state as follows:

**1.** This is an individual and collective action under the Fair Labor Standards Act as well as Wis. Stat. §103.455, §109.03(1) and (5) against Defendants ML Enterprise and Marco Lezameta to recover straight time pay, overtime pay, and improper wage deductions that were made from the pay for the Named Plaintiff Reyes. Named Plaintiff also seeks to bring a collective action for the Defendants' failure to timely pay minimum wages, and failure to pay altogether overtime premium pay to each of their employees.

## JURISDICTION AND VENUE

2. This court has subject matter jurisdiction under 29 USC §216(b) and 28 U.S.C. §1331 because Plaintiff alleges violations of the FLSA, 29 U.S.C. §201 et seq; as well as supplemental jurisdiction over the Plaintiff's claims that arise under Wisconsin law concerning same payroll practices and/or failure to pay wages that violated the FLSA.

3. This Court has personal jurisdiction over Defendants pursuant to Rule 4(k)(1)(a) of the Federal Rules of Civil Procedure because they are subject to the jurisdiction of a court of general jurisdiction in the State of Wisconsin, while the Eastern District of Wisconsin is located within Wisconsin.

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(2) because Defendants reside in, while all of the events at issue in this lawsuit occurred in the Eastern district of Wisconsin.

## THE PARTIES

5. Named Plaintiff Wuilmer Reyes was employed by ML Enterprise to perform both snow removal and construction work for ML Enterprise's clients, which may include both other construction companies and private clients. Plaintiffs are filing Reyes' FLSA consent form with the Court along with this Complaint.

6. Defendant ML Enterprise is a Wisconsin entity with the business logo: "ML Enterprise: Work done Right!" and a phone number of 262-765-8929; and performs construction and snow removal work in the Milwaukee area. According to ML Enterprise's Facebook page, ML Enterprise is located in Muskego, Wisconsin.

7. Defendant Marco Lezameta is the owner of ML Enterprise; and in that capacity is responsible for all decisions as to whether and how much to pay the employees of ML Enterprise for their work performed.

8. Defendant ML Enterprise is an employer within the meaning of Wis. Stat. §109.03(1). At all relevant times, ML Enterprise has received and installed construction materials that were delivered from outside the State of Wisconsin; and has had annual gross volume of sales of not less than $500,000.

## FACTS

9. Plaintiff regularly worked more than 40 hours per week for the Defendants, both while performing construction work and while performing snow removal work.

10. For each of his hours worked over 40 per week, Plaintiff was paid at the exact same wage rate as he was paid for performing the same type of work during the first 40 hours of his workweek.

11. At the end of each workweek, Plaintiff would report to the Defendants the number of hours that he worked during the week.

12. Defendants often failed to pay to the Plaintiff some of the straight time wages that he earned for working during a week by the regular pay date for the week, so that the straight time wages that the Plaintiff timely received was insufficient to compensate him at the minimum wage rate of $7.25 per hour for each hour that he worked during the week.

13. To date, Defendants have failed to pay to the Plaintiff any wages for some of the hours that he worked for the Defendants, so that Plaintiff has not received on average the minimum wage for one or more workweeks that he worked for the Defendants.

14. At the beginning of workdays during which snow removal work would be performed, Plaintiff was sometimes required to pick up a salt truck in Milwaukee, and to deliver the salt truck to the company shop.

15. The truck that Plaintiff delivered to the shop would then be used by the Defendants to deliver salt to the locations where the Defendants would perform their snow removal work; so that the truck the Plaintiff delivered to the shop was integral and indispensable to the Defendants' performance of their snow removal work.

16. On days when snow removal work was performed, Plaintiff would be paid starting when he punched in at the Defendants' shop; so that Plaintiffs' time spent picking up and driving the salt truck to the company shop was neither counted as hours worked nor paid.

17. In late January of 2021, Plaintiff was tasked with driving the salt truck to the shop during snowy conditions.

18. Plaintiff along with his co-workers had often complained to the Defendants about the worn down tires on the salt truck.

19. While Plaintiff was driving the salt truck at 15 miles per hour on snow covered roads with posted speed limits of 30 miles per hour or more, the salt truck started to slide. The salt truck slid off the road causing damage when Plaintiff tried to but was unable to correct the sliding of the truck due to the icy conditions.

20. Defendants have refused to pay the Plaintiff for any of 55 hours that he worked during a week because Defendants blamed the Plaintiff for causing the damage to the salt truck.

21. Plaintiff has never signed an authorization form that agreed to the Defendants deducting any wages from him for damaging the salt truck, has never agreed through a representative that he is at fault for causing damage to the salt truck; while no court has ever found the Plaintiff at fault for causing damage to the salt truck.

22. During four of the days that Plaintiff worked for the Defendants, Defendants used the Plaintiff's truck for his work. In return Defendants agreed to pay to the Plaintiff an additional $5 per hour for all hours worked during each of the four days, plus $50 per day to cover expenses for the Plaintiff's truck.

23. Plaintiff has never received either the additional $5 per hour in wages, or the $50 per day in expenses to compensate him for the Defendants' use of his truck.

## COLLECTIVE ACTION ALLEGATIONS

24. Reyes brings his First Claim for Relief, pursuant to the Fair Labor Standards Act, on his own behalf and on behalf of all other similarly situated employees of one or more of the Defendants who either worked more than 40 hours per week without receiving any overtime pay, or did not by the regular pay date for a workweek receive the minimum wage of $7.25 per hour for each of his hours worked during the week.

25. The First Claim for Relief for violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to Section 16(b) of FLSA, 29 U.S.C. §216(b), for prospective members of the FLSA Class that are similarly situated to Reyes, in that the Court can determine on a uniform basis whether the Defendants' employees are entitled to overtime pay for hours worked over 40 per week, and whether the Defendants' employees are entitled to liquidated damages if they did not receive the minimum wage for each and every hour worked during a week by the regular pay date for said week.

26. The claims of Reyes are representative of the claims of members of the proposed collective action in that he just like all members of the proposed collective action both did not receive overtime pay for any of his hours worked over 40 per week and did not timely receive wages for each and every hour that he worked for the Defendants.

**COUNT I.     CLAIM FOR UNPAID MINIMUM WAGE AND OVERTIME PAY UNDER THE FLSA.**

27. Plaintiff re-alleges, and incorporates by reference, the allegations contained in paragraphs 1-26 of the Complaint.

28. Under the FLSA, Plaintiff is entitled to the minimum wage of $7.25 per hour for each of his hours worked, which is not subject to offset by monies that the Defendants claim the Plaintiff owes to them.

29. Defendants therefore violated the FLSA by failing to pay to the Plaintiff any wages for some of the hours that he worked during the week; which resulted in him receiving on average less than $7.25 per hour for all hours that he worked during the week.

30. Defendants additionally violated the FLSA by failing to timely pay to the Plaintiff all minimum wages owed to him for all hours he worked during a week by the regular pay date for the week, so that Plaintiff is entitled to liquidated damages on all minimum wages that he belatedly received.

31. Under the FLSA, Plaintiff is entitled to overtime premium pay equal to ½ of his regular rate for each of his hours worked over 40 per week; which is not subject to offset by monies that the Defendants claim the Plaintiff owes to them.

32. Defendants therefore violated the FLSA by failing to pay any overtime premium pay to the Plaintiff during workweeks when he worked more than 40 hours per week.

33. Because the salt truck that the Plaintiff delivered to the company shop is integral and indispensable to the Defendants' subsequent performance of snow removal work, time spent by the Plaintiff to pick up and deliver the salt truck to the shop must be counted as hours worked under the FLSA.

34. Plaintiff is entitled to all additional overtime premium pay that he should have received, once his time spent picking up and delivering the salt truck to the shop are counted as hours worked.

35. Because the Defendants had no reasonable grounds for believing that it either need not timely pay minimum wages to its employees, or need not pay overtime premium pay to its employees, or need not count as hours worked time spent by the Plaintiff picking up and delivering the salt truck to the shop, the Plaintiff is entitled to liquidated damages on all overtime wages that

he should have received, as well as the application of a three years statute of limitations for willful violations.

36. The plaintiff is additionally entitled to his reasonable attorneys' fees incurred in prosecuting this first cause of action.

37. Since Defendant Marco Lezameta was equally the Plaintiff's employer under the FLSA, he should be held jointly and severally liable along with ML Enterprises for all unpaid minimum and overtime wages, liquidated damages, and attorneys' fees and costs owed to the Plaintiff.

### COUNT II. CLAIM FOR VIOLATION OF WIS. STAT. §103.455

38. Plaintiff realleges, and incorporates by reference, the allegations contained in paragraphs 1-37 of the Complaint.

38. Defendant ML Enterprises refused to pay wages to the Plaintiff for at least one week, so that it effectively deducted wages from the Plaintiff for the Plaintiff's involvement in an accident that caused damage to the Defendant's salt truck and therefore loss to the Defendant.

39. Defendant ML Enterprises made deductions from Plaintiff's wage to compensate it for its losses though the Plaintiff never agreed to the deductions in writing, though no representative of the Plaintiff ever agreed Plaintiff was at fault for causing damage to the salt truck, and though no Court has ever found that Plaintiff was at fault for causing damage to the salt truck.

40. Defendant ML Enterprises violated Wis. Stat. §103.455 by failing to follow procedures mandated by the statute before making wage deductions from the Plaintiff, so that Plaintiff is entitled to twice the amount that was withheld from his wages to compensate the Defendant for its losses.

41. If ML Enterprises is not incorporated, Defendant Lezameta as the owner of ML Enterprises is personally liable for all amounts that ML Enterprises owes to the Plaintiff under Wis. Stat. §103.455.

**COUNT III: CLAIM FOR UNPAID WAGES BROUGHT PURSUANT TO §109.03(5).**

42. Plaintiffs re-allege, and incorporate by reference, the allegations contained in paragraphs 1-41 of the Complaint.

43. Under Wisconsin law, Plaintiff is entitled to overtime pay for each and every one of his hours worked over 40 per week after having his time spent picking up and delivering the salt truck to the shop counted as hours worked.

44. Pursuant to Wis. Stat. §103.02, Plaintiff is entitled to wages at the full agreed upon rate rather than the minimum wage for each and every hour that remained unpaid as of the date of the filing of this Complaint, given that he has never reached an agreement with ML Enterprises to allow ML Enterprises to make withholdings from his wages to compensate it for damages caused to its salt truck.

45. The additional $5 per hour that ML Enterprises agreed to pay to the Plaintiff for each workday during which ML Enterprises used the Plaintiff's truck constitute wages within the meaning of Wis. Stat. §109.01(3).

46. By failing to pay to the Plaintiff all straight time and overtime wages that are either required by law and/or by the parties' agreement within 31 days of when the wages were earned, ML Enterprises violated Wis. Stat. §109.03(1), so that Plaintiff is entitled to maintain a lawsuit against ML Enterprises for all wages owed to him, along with liquidated damages of 50% and his actual attorneys' fees and costs of filing and prosecuting this lawsuit.

## COUNT IV: BREACH OF CONTRACT.

47. Plaintiff realleges, and incorporates by reference, the allegations contained in paragraphs 1-46 of the Complaint.

48. The parties entered into an agreement for ML Construction to pay to the Plaintiff an additional $5 per hour, along with $50 per day for expenses, to compensate the Plaintiff for ML Construction's use of the Plaintiff's truck.

49. Consideration was provided for the parties' agreement when ML Construction used the Plaintiff's truck for its work during four separate days.

50. To date, ML Construction has not paid to the Plaintiff either the additional $5 per hour in wages or the $50 per day in expense reimbursements for the use of the Plaintiff's truck.

51. Plaintiff therefore is entitled to recover all wages and expense reimbursements that ML Construction agreed to but failed to pay to him.

52. To the extent ML Construction is not incorporated, Defendant Lezameta is personally liable for all breach of contract damages that ML Construction owes to the Plaintiff.

WHEREFORE, the Plaintiff respectfully request the Court to enter an order that:

a. Finds that both defendants are liable to him, along with all members of the proposed collective action for minimum wages, overtime wages, and liquidated damages under the FLSA; along with all of his attorneys' fees and costs incurred in prosecuting the FLSA claims;

b. Finds that ML Construction is liable to him for unpaid wages and liquidated damages pursuant to both Wis. Stat. §103.455, §109.03(5), and §109.11(2), along with all of his attorneys' fees and costs incurred in prosecuting the §109.03(5) claim;

c. Finds that ML Construction is liable to him for breach of contract; and

c. Finds that Defendant Lezameta is personally liable for all damage prayed for in prayer for relief paragraphs b and c, to the extent ML Enterprise was not incorporated during the time period that Plaintiff worked for it.

Dated this 6th day of April, 2021.

/s/Yingtao Ho
Yingtao Ho
Email: yh@previant.com
Attorney for Plaintiffst
The Previant Law Firm S.C.
310 W. Wisconsin Avenue, Suite 100MW
Milwaukee, WI 53203
Telephone: 414-271-4500
Fax: 414-271-6308