UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**WUILMER REYES, on behalf of
himself and all others similarly situated,**
    **Plaintiff,**

    v.                                          Case No. 21-C-0437

**ML ENTERPRISES and
MARCO LEZAMETA,**
    **Defendants.**

_____

## DECISION AND ORDER

Plaintiff Wuilmer Reyes brings this action against his former employers, ML Enterprises and Marco Lezameta, under the Fair Labor Standards Act ("FLSA") and Wisconsin state law. Before me now is Reyes's motion to dismiss the defendants' counterclaims.

## I. BACKGROUND

Defendant ML Enterprises performs construction and snow-removal work in the Milwaukee area. Defendant Marco Lezameta is its owner.[1] Plaintiff Wuilmer Reyes was one of the defendants' employees. He performed both construction and snow-removal work.

The plaintiff alleges that, during his employment, the defendants violated the FLSA in three respects. First, the plaintiff alleges that although he regularly worked more than

---

[1] The plaintiff does not know whether ML Enterprises is a separate legal entity or is simply the trade name for Lezameta's sole proprietorship. The difference is not material to the issues raised by the motion to dismiss. For purposes of this opinion, I will assume that ML Enterprises is a separate legal entity and thus refer to the defendants in the plural.

40 hours each week, the defendants never paid him overtime wages. Second, the plaintiff alleges that the defendants often failed to pay him some of the straight-time wages he had earned, which resulted in his total compensation being less than the minimum wage of $7.25 per hour. Third, the plaintiff alleges that, during snow-removal months, one of his job responsibilities was to pick up a salt truck in Milwaukee and deliver it to the defendants' shop in Muskego, Wisconsin. He contends that the FLSA required the defendants to treat the time he spent delivering the truck as compensable time, and that the defendants did not pay him for that time. The plaintiff intends to prosecute his FLSA claims through a collective action on behalf of himself and others similarly situated.

The plaintiff also alleges claims under Wisconsin law. First, he brings a claim for failure to pay overtime wages under Wisconsin wage-and-hour law. This claim is an alternative legal theory to his FLSA overtime claim. Second, the plaintiff alleges that the defendants made deductions from his wages in violation of Wis. Stat. § 103.455. That statute prohibits employers from taking deductions from an employee's wages for, among other things, damage to the employer's property, unless certain conditions are satisfied. Here, the plaintiff alleges that on one occasion while he was driving the salt truck to the defendants' shop during snowy conditions, the truck slid off the road and was damaged. The plaintiff alleges that the defendants docked him a week's pay to offset the cost of repairing the truck, and that they did this without satisfying the conditions in Wis. Stat. § 103.455.

Third, the plaintiff alleges that he allowed the defendants to use his personal truck in their business for four days, that the defendants agreed to compensate the plaintiff for their use of the truck by paying him an additional $5 per hour for all hours he worked

2

during the four days plus $50 per day, and that the defendants failed to pay him the agreed amounts. The plaintiff contends that the promised $5 increase in his hourly pay constituted "wages" under Wisconsin law and that therefore he is entitled to recover them, plus statutory penalties, under Wis. Stat. § 109.03. Further, the plaintiff contends that the defendants' promise to pay the extra $5 per hour plus $50 per day for use of the truck amounted to an enforceable contract. He brings a claim for breach of contract to recover the promised payments.

The defendants have filed three counterclaims against the plaintiff. First, they bring a claim for damage to the salt truck, alleging that it was the plaintiff's negligence that caused the truck to slide off the road. Second, they bring a claim for theft of property. Here, they allege that ML Enterprises entrusted the plaintiff with certain of its tools, which he failed to return when he left its employ. Finally, the defendants bring a claim labelled "fraud" in which they allege that the plaintiff, through this suit, seeks compensation for time that he did not actually spend working for ML Enterprises.

The plaintiff now moves to dismiss the defendants' counterclaims. He contends that the counterclaims for damage to the truck and theft of the tools are not within the court's supplemental jurisdiction. *See* 28 U.S.C. § 1367. Alternatively, he contends that these two counterclaims fail to state claims upon which relief can be granted. Finally, the plaintiff contends that the counterclaim for fraud fails to state a claim upon which relief can be granted.

## II. DISCUSSION

I begin with the counterclaim labelled "fraud," for it clearly fails to state a claim on which relief may be granted. The counterclaim alleges that the plaintiff knows he was paid

3

for all hours worked and that his claim for unpaid wages somehow amounts to a fraud. These allegations do not state a claim under any law of which I am aware, and the defendants in their brief do not identify a legal theory that might support their claim. Perhaps the defendants are expressing their belief that the plaintiff's claim is frivolous, but that would not support a freestanding counterclaim. At most, the defendants could seek sanctions under Federal Rule of Civil Procedure 11. But a claim for sanctions under Rule 11 must be brought by motion rather than through a counterclaim, and the motion may be filed only after the movant complies with the rule's safe-harbor provision. *See* Fed. R. Civ. P. 11(c)(2). Thus, the counterclaim labelled "fraud" will be dismissed on the merits.

Turning to the remaining counterclaims, the first question is whether they are within the court's supplemental jurisdiction. Supplemental jurisdiction may be exercised only if the counterclaims "are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Claims form part of the same case or controversy when they "derive from a common nucleus of operative fact." *McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 683 (7th Cir. 2014) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966)). The Seventh Circuit has observed that this is a vague standard that does not dictate the solution to any case, but that a more definitive formulation has been elusive. *See Prolite Building Supply, LLC v. MW Manufacturers, Inc.*, 891 F.3d 256, 258 (7th Cir. 2018). Thus, a court must apply the "nucleus of operative facts" standard as best it can. *Id.*

In the present case, the only claims within the court's original jurisdiction are the plaintiff's FLSA claims for failure to pay minimum wage and overtime wages and failure to treat the time spent retrieving the salt truck as compensable. I conclude that the defendants' counterclaims for damage to property (negligence) and theft of tools do not share a common factual basis with these claims. The only relationship among the claims is that they share a common origin in the plaintiff's employment with the defendants. Sharing a common origin is not enough to confer supplemental jurisdiction. *See Citizens Marine Nat'l Bank v. U.S. Dep't of Commerce*, 854 F.2d 223, 227 (7th Cir. 1988).[2] Moreover, the plaintiff's liability for negligence and theft will not in any way turn on the facts relevant to whether the defendants paid the plaintiff the wages to which he was entitled under the FLSA. Indeed, the plaintiff could be found liable for damaging the truck and stealing the tools even if he was never employed by the defendants. That is so because the claims for negligence and theft sound in tort, and a person's liability for his or her own torts does not depend on the existence of an employment relationship. In short, "[t]here is no overlap of legally pertinent facts or legal principles," and therefore I may not exercise supplemental jurisdiction over the negligence and theft claims. *Id.*

The defendants contend that I may exercise supplemental jurisdiction over the negligence counterclaim because it involves damage to the salt truck that the plaintiff caused while he was driving it to the shop, and the plaintiff in one of his FLSA claims seeks compensation for the time he spent driving the truck to the shop. But again, this

---

[2] Although *Citizens Marine* was decided prior to passage of the supplemental-jurisdiction statute, it applies the same "nucleus of operative fact" standard that courts use to decide cases under the statute. Thus, *Citizens Marine* remains instructive.

just shows that the claims have a common origin, not that they derive from a common nucleus of operative fact. Determining whether the plaintiff was entitled to compensation for the time during which he drove the truck to the shop will not involve the same factual or legal inquiries as determining whether the plaintiff's negligence caused the truck to be damaged. These are two entirely distinct factual and legal inquiries. The defendants also contend that the plaintiff stole the tools and created fake time sheets in retaliation for the defendants' having demanded that he pay for the damage to the truck. But once again, this only shows that the claims have a common origin. There is no overlap of *legally pertinent* facts or legal principles. Whether the plaintiff actually stole the tools or negligently drove the truck does not figure into the analysis of whether the defendants paid him for all hours worked as required by the FLSA. And the defendants can pursue their theory that the plaintiff is lying about working uncompensated hours because he is upset about having been asked to pay for damage to the truck without proving that the plaintiff is actually liable for the damage. For it is the defendants' accusation rather than the plaintiff's liability that provides the alleged retaliatory motive.

Moreover, even if I could exercise supplemental jurisdiction over the counterclaims consistently with § 1367(a), I would decline to exercise such jurisdiction over the negligence counterclaim under § 1367(c)(2), which gives district courts discretion to decline supplemental jurisdiction when the supplemental claim "substantially predominates over the claim or claims over which the district court has original jurisdiction." 28 U.S.C. § 1367(c)(2). In the present case, the plaintiff's FLSA claims involve the relatively simple matters of whether the defendants paid the plaintiff for all hours worked and whether they paid overtime wages for all hours worked over 40 each

week. In contrast, the negligence claim will require inquiries into the plaintiff's duty of care, whether he exercised ordinary care, and the extent of the damage to the truck. These matters might involve expert testimony on matters entirely unrelated to the FLSA claims. Thus, the negligence claim would substantially predominate over the FLSA claims.

Because I have determined that the counterclaims for damage to property and theft of tools are not within the court's supplemental jurisdiction, I do not consider the plaintiff's alternative argument that the claims fail on the merits.

### III. CONCLUSION

For the reasons stated, **IT IS ORDERED** that the plaintiff's motion to dismiss the defendants' counterclaims is **GRANTED**. The counterclaims for damage to property and theft of tools are dismissed without prejudice for lack of subject-matter jurisdiction. The counterclaim for fraud is dismissed on the merits.

Dated at Milwaukee, Wisconsin, this 2nd day of June, 2021.

        s/Lynn Adelman_____
        LYNN ADELMAN
        United States District Judge